IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

CRIMINAL NO. 17-595 (DRD)

**CHRISTIAN MARTINEZ-REYES,**
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit, and Marie Christine Amy, Assistant United States Attorney, along with the defendant, Christian Martinez-Reyes, and his counsel, Jessica Ellen Earl, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

**1. COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count One of the Indictment, a violation of 18 U.S.C. § 922(k).

On or about November 15, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Christian Martinez-Reyes, knowingly possessed a firearm, that is: one (1) Smith & Wesson pistol, model unknown, 9mm caliber, that had been shipped and transported

in interstate commerce, from which the manufacturer's or importer's serial number had been removed, altered, and obliterated, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B).

2. **STATUTORY MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count One of the Indictment, a class ~~D~~ E [SZJ, W] felony, is a term of imprisonment of not more than five (5) years, pursuant to 18 U.S.C. §924(a)(B); a fine not to exceed two hundred fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. §3571(b)(3); a supervised release term of not more than ~~three~~ one (~~3~~ 1) years [SZJ, JE, CMR], pursuant to 18 U.S.C. §3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. §3013(a)(2)(A).

3. **SENTENCING GUIDELINES APPLICABILITY**

The defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, the defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

[JE]
[CMR]

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

## 6. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, the defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. The defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant is pleading guilty. The defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).

## 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

The defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are no

longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the defendant submit the following advisory Guideline calculations:

| Sentencing Guidelines Calculations Table Count One | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Base Offense Level** | U.S.S.G. § 2K2.1(a)(7) | | | | | | | 12 |
| **Acceptance** | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | | | -2 |
| **Sentencing Ranges Count One** | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level Count One |
| | 10 | 006-012 | 008-014 | 010-016 | 015-021 | 021-027 | 024-030 | 10 |

**8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

**9. SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties agree that the defendant may recommend an imprisonment sentence at the lower end and the United States will recommend an imprisonment sentence at the higher end of the guideline range applicable to a total adjusted offense level of 10 when combined with the criminal history category determined by the Court. Defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to Title 18, <u>United States Code</u>, Section 3553(a).

**10. WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 12 months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with counsel, Jessica Ellen Earl, and asserts that counsel has rendered effective legal assistance.

13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**



The defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

   a. If the defendant had persisted in a plea of not guilty to the charges, he would have had the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if the defendant, the United States and the judge agreed.

   b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously,

before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt, and that it would have to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify on his own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea and Forfeiture Agreement. The defendant adopts the Stipulation of Facts and agrees that

the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): one (1) Smith & Wesson pistol, model unknown, 9mm caliber, from which the manufacturer's or importer's serial number had been removed, altered, and obliterated, an additional pistol magazine and twenty-six (26) rounds of .9mm caliber ammunition. The defendant acknowledges that he possessed the Property in violation of 18 U.S.C. §§ 922(k), as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

16. **LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal, district, state, or local authorities.

17. **ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

18. **AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 3.5.2018

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: Feb 28, 2018

_____
**Marie Christine Amy**
Assistant United States Attorney
Violent Crimes Unit
Dated: Feb 28, 2018

_____
**Jessica Ellen Earl, Esq.**
Counsel for Defendant
Dated: 4/17/2018

_____
**Christian Martinez-Reyes**
Defendant
Dated: 4/17/2018

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My attorney has translated the Plea and Forfeiture Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea and Forfeiture Agreement and voluntarily agree to it.

Date: 4/17/2018

*Christian Martinez Reyes*
**Christian Martinez-Reyes**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with the defendant. I have translated the Plea and Forfeiture Agreement and explained it in the Spanish language to the defendant who has expressed no doubts as to the contents of the Plea and Forfeiture Agreement. To my knowledge, the defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of a plea of guilty.

Date: 4/17/2018

**Jessica Ellen Earl, Esq.**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and the defendant, **Christian Martinez-Reyes**, agree that the following is a true and accurate summary of the facts leading to defendant's acceptance of criminal responsibility for violating 18 U.S.C. §922(k).

On November 15, 2017, at approximately 2:30 a.m., Agents from the Puerto Rico Police Department (PRPD) were on a preventive patrol on Asturia St. in Rio Piedras, P.R. The Agents observed a gray Hyndai, model Accent, license tag IGX-155, with two (2) male subjects traveling without wearing their seatbelts in violation of PR Transit Law. The Agents turned on the blue lights, siren, and ordered the vehicle to stop. The driver of the vehicle, later identified as the defendant Christian Martinez-Reyes, did not comply and kept on driving.

The PRPD Agents started the pursuit after the vehicle. The vehicle stopped at a dead end on the same Asturia St. The defendant then got out of the vehicle showing his driver's license to the Agents and asking, "what was happening"? One of the Agents ordered him to place his hands where he could see them for security. The Agent approached to the driver's side and while the door was still open, he could observe in plain view a silver color firearm on the floor in front of the driver's seat. The passenger exited the car and started running but was later stopped by the PRPD Agents.

The PRPD Agent notified his partner that there was a firearm inside the vehicle. The Agent asked the defendant if he had any firearms permit and he answered no. The defendant was placed under arrest. The firearm was seized and described as one (1) Smith & Wesson pistol, model

unknown, 9mm caliber, with the serial number visibly obliterated, and loaded with sixteen (16) rounds of 9mm caliber ammunition. There was another pistol magazine with ten (10) rounds of 9mm caliber ammunition in the same area where the firearm was found. For purposes of this Plea and Forfeiture Agreement, the defendant acknowledges that he knowingly possessed a firearm from which the manufacturer's or importer's serial number had been removed, altered, and obliterated.

The investigation further revealed that no firearms, including the type mentioned above, are manufactured in Puerto Rico. Therefore, the investigation concluded that the above-mentioned firearm had been shipped or transported in interstate or foreign commerce.

Had this matter proceeded to trial, the United States would have presented the testimony of law enforcement agents, as well as physical and documentary evidence, to prove beyond a reasonable doubt that Christian Martinez-Reyes is guilty of violating Title 18, <u>United States Code</u>, Section 922(k).

Discovery was made available to Defendant in a timely manner for review.

_____
**Marie Christine Amy**
Assistant United States Attorney
Dated: Feb 28, 2018

_____
**Jessica Ellen Earl, Esq.**
Counsel for Defendant
Dated: 4/17/18

*Christian Martinez Reyes*
**Christian Martinez-Reyes**
Defendant
Dated: 4/17/2018